MAXINE V. MOORE, As EXECUTRIX OF THE ESTATE OF ALLAN PRATT MOORE, AND MAXINE V. MOORE, INDIVIDUALLY v. UNION FIDELITY LIFE IN-SURANCE COMPANY

No. 8121DC651

(Filed 6 April 1982)

**Insurance § 67.3— death benefits under accident policy—instructions on burden of proof**

In an action to recover death benefits under an accident policy wherein plaintiff presented evidence that insured's death was caused by the unex-plained firing of a pistol and defendant presented evidence that the death was suicide, the trial court did not err in instructing the jury that if it was unable to determine where the truth lies about insured's death, it should not find an accidental death since defendant's evidence that the death resulted from suicide was offered not to establish an affirmative defense but to rebut the presumption that the death was by accidental means; defendant's evidence was sufficient to rebut such presumption; and the court's instruction properly allocated to plaintiff the burden to prove that the death was by accidental means.

APPEAL by plaintiff from *Tanis, Judge.* Judgment entered 22 January 1981 in District Court, FORSYTH County. Heard in the Court of Appeals on 1 March 1982.

This appeal arises from plaintiff's action to recover on an insurance policy insuring plaintiff's husband, Allan Moore, "against loss incurred by the insured resulting directly and independently of all other causes from accidental bodily injury." Plaintiff sought to invoke the benefits of such policy upon the death of her husband who died as a result of a gunshot wound on 14 September 1973. The policy insuring Allan Moore contained the following provision: "EXCEPTIONS: The insurance provided by this policy does not cover death, disability, or other loss which is caused: . . . (2) by suicide or any attempt thereat (sane or insane) . . . ." At trial, plaintiff presented evidence tending to show that Allan Moore's death was caused by unexplained violence of external means, to wit, the firing of a gun, and defendant presented evidence tending to show that Allan Moore's death was suicide and was caused by his intentionally shooting himself with a gun. The jury was presented the following issue: "Was the death of the Plaintiff's deceased a result of accidental bodily injury?" The jury answered in the negative and the court ordered "that the plaintiff have and recover nothing on her claim against the defendant." Plaintiff appealed.

*Keith & Smithwick, by Thomas J. Keith for plaintiff appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by James H. Kelly, Jr., for defendant appellee.*

HEDRICK, Judge.

The sole argument propounded by plaintiff in her brief is that "[t]he trial court committed prejudicial error by instructing the jury that if they were unable to determine where the truth lies that the insured died as a result of a self-inflicted gunshot wound, that they should not find an accidental death." Plaintiff argues that defendant's contention that Allan Moore's death was suicide is an affirmative defense for which defendant bears the burden of persuasion, and that the court erred in failing to so instruct.

Our decision on this appeal is controlled by *Moore v. Union Fidelity Life Insurance Co.,* 297 N.C. 375, 255 S.E. 2d 160 (1979), when this same case was before our Supreme Court.

In the present case, plaintiff "had the burden of showing that her husband died as a result of accidental bodily injury within the meaning of the policy issued by defendant." *Moore, supra* at 378, 255 S.E. 2d at 162. Plaintiff did present evidence tending to show that Allan Moore's death was caused by unexplained, violent, and external means. Such evidence raised a presumption that his death was by accidental means; such a presumption, however, "in no event . . . operate[s] to relieve the plaintiff of the burden of persuasion on the issue of accidental death." *Moore, supra* at 382, 255 S.E. 2d at 165. Furthermore, "[i]f evidence of non-accidental death is presented, then the presumption *per se* no longer applies, and the question of accidental death is one for the jury," *Moore, supra* at 382, 255 S.E. 2d at 165.

The evidence offered by defendant which tended to show that Allan Moore's death was a suicide was not, as plaintiff contends, offered to establish an affirmative defense. Rather, such evidence was "evidence of non-accidental death" offered to rebut the presumption of accidental death. The mere presentation of such evidence was sufficient to enable defendant to avoid the mandatory effect of a presumption and to permit the jury to decide, without any peremptory instructions, whether the death was accidental. *Moore, supra.* Defendant, to avoid an instruction that the jury must find an accidental death if it believed the evidence of violent and unexplained death, did not have to prove suicide by a preponderance of the evidence but needed only to present evidence tending to rebut the presumed fact that the death was accidental, *Moore, supra,* and defendant presented such evidence. The burden of persuasion in the present case remained on plaintiff to prove that the death was by accidental means. *Moore, supra.* This burden was properly allocated by the trial court in the instruction challenged by the exception upon which this assignment of error is based. Plaintiff's assignment of error is overruled.

In the trial below, we find

No error.

Chief Judge MORRIS and Judge VAUGHN concur.